IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dominick Schoonmaker<br>7 Maple Ridge Ave.<br>East Greenbush, NY 12061<br><br>Plaintiff,<br><br>v.<br><br>Robert Speer<br>Secretary of the Army<br>c/o U.S. Army Judge Advocate General's Corps<br>2200 Army Pentagon<br>Washington, DC 20310-2200<br><br>and<br><br>General Joseph L. Lengyel<br>Chief, National Guard Bureau<br>c/o Secretary James Mattis<br>Department of Defense<br>1000 Defense Pentagon<br>Washington, DC 20301-1000<br><br>and<br><br>Secretary James Mattis<br>Department of Defense<br>1000 Defense Pentagon<br>Washington, DC 20301-1000<br><br>Defendants | Civil Action No. 17-630 |

**COMPLAINT**

Respectfully Submitted,

Michael D.J. Eisenberg
Michael D.J. Eisenberg
Attorney and Counselor at Law
Law Office of Michael D.J. Eisenberg
700 12th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3414
michael@eisenberg-lawoffice.com
Counsel for Plaintiff

## COMPLAINT

COMES NOW the Plaintiff, Dominick Schoonmaker, by and through counsel, and for his Complaint he does state:

## NATURE OF ACTION

1. This is an action seeking judicial review under the Administrative Procedures Act, 5 U.S.C. § 701, et seq. On or about August 1, 2016, Plaintiff received a discharge from the United States National Guard ("NGB") for Medical Conditions under Honorable Conditions. However, the NGB failed to provide Plaintiff all relevant medical examinations pursuant to military orders and regulations. As an (at the time) injured military member, Plaintiff is entitled to a complete series of medical examination as it relates to his military service. The NGB actions to deny Plaintiff these series of exams prior to his discharge were arbitrary and capricious. See 5 U.S.C. § 706. This is an action seeking judicial review of a Federal Government action, an action by the NGB, within six years from the action in question. 28 U.S.C. § 2501.
2. This is an action seeking judicial review of Plaintiff's wrongful discharge from the NGB. It was wrongful for the NGB to discharge Plaintiff before these medical conditions were addressed.

## JURISDICTION AND VENUE

3. This is an action seeking judicial review under § 706 of the Administrative Procedure Act. Plaintiff asserts that the Secretary of the Army has acted arbitrarily and capriciously in its August 1, 2016, actions.
4. This is an action seeking judicial review of Federal Government actions, i.e., the National

Guard Bureau through an action by the Chief of the National Guard Bureau, the Secretary of the Army, and the Secretary of Defense, within six years from the action in question. 28 U.S.C. § 2501.

**PARTIES**

5. Plaintiff Dominick Schoonmaker (*hereinafter* "Plaintiff' or "Mr. Schoonmaker") is a former member of the United States Army who is adversely affected by the final agency action denying his request for full consideration of his service connected medical conditions.
6. Defendants Robert Speer, (*hereinafter* "Defendant") is the Secretary of the Army and is the named Defendant in his official capacity only.
7. Joseph L. Lengyel, (*hereinafter* "Defendant") is the Chief of the National Guard Bureau and is the named Defendant in his official capacity only.
8. James Mattis (*hereinafter* "Defendant") is the Secretary of Defense and is the named Defendant in his official capacity only.

**FACTUAL ALLEGATIONS**

9. On or about August 5, 2002, Plaintiff entered into military service.
10. Plaintiff was active duty in the Army from November 11, 2002 to April 23, 2003, from May 24, 2004 to December 7, 2005 (Plaintiff served in-country in Iraq January-November 2005) and from March 28, 2006 to August 1, 2007.
11. During Plaintiffs service, he was injured with the following conditions:
    a. Labral Right Shoulder Tear (onset occurred while in Iraq)
    b. Right Shoulder Nerve Damage (onset occurred while in Iraq)

c. Cervical Strain Associated with Right Shoulder Tear (onset occurred while in Iraq)

d. Neuritis—right shoulder

e. Bilateral Hearing loss in Frequency Range of 500 Hz to 4000 Hz

f. Left Foot Metatarsalgia

g. Tension Headaches

12. A Medical Evaluation Board (MEB) was conducted on June 18, 2015.

13. The MEB failed to include all medical conditions and subsequently an Appeal was filed with MEB.

14. During the course of Plaintiff's MEB, his Physical Evaluation Board Liaison Officer ("PEBLO") Suzanne Belladone failed to include all medical conditions and coordinate all of the required medical appointments (pursuant to regulations) Plaintiff needed in order to properly complete the MEB process .

15. Given the PEBLO's resistance in performing her non-delibgable duties, intervention by Col. Jeffrey Lawson was needed to ensure the medical appointments were made. On or about September 10, 2015, Col. Lawson ordered the inclusion of all medical conditions to Plaintiff's appeal and all medical appointments be made for Plaintiff.

16. These appointments were never made.

17. Despite protests by both Plaintiff and his counsel, Plaintiff was discharged without the requisite medical appointments; this, in turn, denied Plaintiff his due process rights to present his complete medical profile to the Board.

## CLAIMS FOR RELIEF

*ADMINISTRATIVE PROCEDURE ACT*

18. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above, as if fully set forth herein.
19. The Defendant's decision to deny evaluation of Plaintiff's medical conditions contained manifest errors and was clearly erroneous, because this decision resulted in an improper evaluation of Plaintiff's military and medical file.
20. Accordingly, these decisions were arbitrary, capricious, an abuse of discretion or otherwise contrary to law and must therefore be set aside pursuant to 5 U.S.C. §706(2)(A).

*WRONGFUL DISCHARGE*

21. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein.
22. The Defendants' decision to discharge Plaintiff contained manifest error and was clearly erroneous because this decision made conclusions about Plaintiff's medical conditions that were either contradicted or not supported by Plaintiff's medical file as well as evidence submitted by Plaintiff.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff Dominick Schoonmaker prays this Court to enter judgment in favor of Plaintiff as follows:
2. Holding that the Defendant's failure to perform in-depth medical evaluations for all of Plaintiff's medical conditions as arbitrary and capricious.
3. Holding that the Defendant's failure to perform in-depth medical evaluations for all of

Plaintiff's medical conditions was in violation of relevant regulations and law.

4. Remanding the issue to the Secretary with specific guidelines in conjunction with Plaintiff's arguments and evidence.

5. Awarding Plaintiff lost pay and benefits, and his costs and attorney's fees, including Equal Access to Justice Act fees and costs for this action.

6. Granting such other relief as the Court deems just and proper.

Respectfully Submitted,

Michael D.J. Eisenberg
Michael D.J. Eisenberg
Attorney and Counselor at Law
Law Office of Michael D.J. Eisenberg
70012th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3414
michael@eisenberg-lawoffice.com
Counsel for Plaintiff